**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 7, 2006**

**TENTH CIRCUIT**

HERMAN L. ADAMSON,

        Plaintiff-Appellant,

v.

MICHAEL CLINGMAN,
Administration of the State of
Oklahoma Worker's Compensation
Court; JAMES S. PORTER, Judge of
State of Oklahoma Worker's
Compensation Court; KIMBERLY E.
WEST, Magistrate Judge, Judge of
State of Oklahoma Worker's
Compensation Court; JOHN N.
MACKENZIE, Attorney at Law;
DENNIS F. SEACAT, Attorney at
Law; DON WYATT, Attorney at Law,

        Defendants-Appellees.

No. 05-5195

(D.C. No. 05-CV-404-CVE)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Mr. Adamson was injured on the job while driving through Oklahoma in September 1991. He now seeks relief under 42 U.S.C. § 1983 against the individuals involved in resolving the resulting workman's compensation claim: Michael Clingman, the administrator for the Oklahoma Worker's Compensation Court at the time of Mr. Adamson's claim; James Porter, a former judge for the Oklahoma Worker's Compensation Court who took jurisdiction over Mr. Adamson's claim; Kimberly West, another former judge for the Oklahoma Worker's Compensation Court who took jurisdiction over Mr. Adamson's claim; Dennis Seacat, Mr. Adamson's attorney; Don Wyatt, Mr. Adamson's attorney; and John MacKenzie, attorney for Mr. Adamson's employer and his employer's insurance company. He claims that the defendants violated his Fifth, Sixth, Seventh, and Fourteenth Amendment rights and seeks $1 million from each defendant. The district court granted Mr. Adamson permission to proceed *in forma pauperis*.

The district court, sua sponte, dismissed Mr. Adamson's complaint under 28 U.S.C. § 1915(e). Section 1915(e) allows the district court to dismiss an *in forma pauperis* proceeding if, at any time, "the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such

-2-

relief." In this case, the district court provided two grounds for § 1915(e) dismissal of Mr. Adamson's claim: (1) that the defendants had immunity from a § 1983 claim; and (2) that the claim was barred by the statute of limitations. Opinion and Order, 3-6 (N.D. Okla. Sept. 19, 2005).

We have carefully reviewed the briefs of Appellant and Appellee (Mr. Wyatt was the only defendant to file a brief), the record on appeal, and the district court's order. For substantially similar reasons to those laid out by the district court in its September 19, 2005, order, we **AFFIRM** the district court's dismissal of Mr. Adamson's claim.

Entered for the Court


Monroe G. McKay
Circuit Judge